UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CR-76-REW-HAI |
| v. | ) ) | ORDER |
| DERRICK HARISTON, | ) ) | |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 241 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Hariston's guilty plea and adjudge him guilty of Count 1 of the Second Superseding Indictment (DE 107). *See* DE 242 (Recommendation); *see also* DE 244 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 242 at 2–3. The established objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 242, **ACCEPTS** Hariston's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Second Superseding Indictment (DE 107);

2. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter;

3. The Plea Agreement and Recommendation do not address forfeiture, and the minutes reflect that the United States is not pursuing that remedy, so the Court does not further address the topic here; and

4. The Court will issue a separate sentencing order.[1]

This the 4th day of May, 2022.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Hariston to custody. *See* DE 241. This was his status pre-plea. *See* DE 172. The Court, thus, sees no need to further address detention, at this time. Defendant shall remain in custody pending sentencing.